UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Mesfen A. Rowell

   v.                                              Case No. 19-cv-419-JL

Sgt. FNU Vissa, Nurse FNU Bancroft,
Hillsborough County Department of Corrections

### REPORT AND RECOMMENDATION

Before the court is plaintiff Mesfen A. Rowell's motion to amend the complaint and join new defendants (Doc. No. 19).[1] To the extent that the motion (Doc. No. 19) is intended to add new claims for relief and to join new defendants to this lawsuit, the matter is before the court for preliminary review under LR 4.3(d)(1) and 28 U.S.C. § 1915A(a).

### Motion to Amend/Join Standard

In general, under Fed. R. Civ. P. 15(a), leave to amend a complaint is to be "freely given." Id.  The court may deny a motion seeking to add new claims to an action on the ground that

---

[1] In an Order issued this date, the court has directed defendants, Sgt. Vissa, Nurse Bancroft, and the Hillsborough County Department of Corrections ("HCDOC"), to file an amended answer addressing the new allegations in Document No. 19, no later than fourteen days after the date that the district judge issues an Order on this Report and Recommendation.

the proposed amendment would be futile. See <u>Todisco v. Verizon Commc'ns, Inc.</u>, 497 F.3d 95, 98 (1st Cir. 2007). To assess whether the proposed amendment is futile, this court applies the standard for preliminary review set forth in the April 20, 2020 Report and Recommendation ("April 20 R&R") (Doc. No. 17) to the assertions in Document No. 19.

## Discussion

I. <u>Civil Rights Conspiracy</u>

Construed liberally, Document No. 19 asserts new claims that FTO Caitlin Rutzke, an unnamed Shift Supervisor, and County Commissioner Toni Pappas conspired with Sgt. Vissa and Nurse Bancroft to violate Mr. Rowell's Fourteenth Amendment due process rights. Mr. Rowell's complaint (Doc. No. 1) stated claims based on an alleged assault by Sgt. Vissa and alleged deliberate indifference of Nurse Bancroft on July 15, 2018, the date Mr. Rowell originally alleged he arrived at the HCDOC. The complaint also asserted a civil rights conspiracy claim based on Mr. Rowell's allegations that officers who witnessed the July 15, 2018 events, as well as officers to whom he grieved those events, did not file incident reports or take corrective action.

In Document No. 19, Mr. Rowell clarifies that he arrived at the HCDOC after midnight, and that the assault and his contacts

with Nurse Bancroft occurred on July 16, 2018. In addition, in Document No. 19, Mr. Rowell asserts new claims of a civil rights conspiracy, alleging that FTO Rutzke prepared a report on July 16, 2018 that includes lies about what she knew about Mr. Rowell's injuries, and the extent of Nurse Bancroft's assessment of his condition on July 16, 2018. Mr. Rowell further alleges that both Sgt. Vissa (his alleged assailant) and the Shift Supervisor signed off on the report filed by FTO Rutzke. Additionally, Mr. Rowell alleges he grieved issues up the chain of command and complained in three detailed letters addressed to County Commissioner Pappas, but his pleas for help were ignored.

A civil rights conspiracy includes as an element that there was an agreement to violate the plaintiff's civil rights. Mr. Rowell's new allegations, like those in the original complaint, concern the alleged failure of HCDOC officers to file accurate and timely reports regarding the incidents he asserts they witnessed and the alleged failure of officers and supervisors to investigate what happened and to take proper action. Without impermissible speculation about the existence of a common plan or conspiratorial agreement, the allegations in the original complaint as well as those in Document No. 19, fail to show that there was any conspiracy among the officers and supervisors to violate Mr. Rowell's rights. See, e.g., Aubin v. Fudala, 782

3

F.2d 280, 286 (1st Cir. 1983) (alleged evidence of "a cover-up" involving conflicting statements by officer who shot plaintiff, the failure of supervisors to question that officer at the scene, uncorroborated testimony of another officer accusing plaintiff of drinking, and the subsequent release by local officials of incorrect and prejudicial information did not raise jury question regarding existence of civil rights conspiracy), overruled on other grounds by Crowe v. Bolduc, 365 F.3d 86, 89 (1st Cir. 2004); see also Salameh v. Duval, No. 12-10165-RGS, 2014 U.S. Dist. LEXIS 21956, at *22, 2014 WL 691610, at *5 (D. Mass. Feb. 21, 2014). Accordingly, the district judge should deny the motion to amend the complaint to add a civil rights conspiracy claim to this action.

II. Commissioner Pappas and Hillsborough County

Mr. Rowell seeks leave to join Hillsborough County Commissioner Toni Pappas and the County itself as defendants. In that this court previously directed the HCDOC to file an answer to Mr. Rowell's state law tort claims, liberally construed, Document No. 19 seeks leave to join Commissioner Pappas and the County as defendants to his civil rights claims.

There are no allegations in Document No. 19 regarding any County policy or practice that may have led to the alleged

4

violations of Mr. Rowell's rights.  Rather, in Document No. 19, Mr. Rowell asserts he sent complaints up the chain of command at the HCDOC and sent three detailed letters to Commissioner Pappas but received no help in response.  Insofar as the claims that have been served concern conduct at the time of his arrival at the HCDOC, allegations of those after-the-fact grievances and letters do not state a claim of supervisory liability under § 1983.  See Blanchard v. Swaine, No. 08-40073-FDS, 2010 U.S. Dist. LEXIS 125397, at *52, 2010 WL 4922699, at *17 (D. Mass. Nov. 29, 2010) (to establish supervisory liability, "[t]he causation requirement can only be met by evidence that [the supervisor] acted to manifest deliberate indifference to potential rights violations on the part of his subordinates before the alleged rights violation occurred" (emphasis in original)); see also Salameh, 2014 U.S. Dist. LEXIS 21956, at *23, 2014 WL 691610, at *6 ("claim that defendants were indifferent to [inmate's] 'grievances' and failed to properly investigate his recriminations against specific DOC employees is a non-starter because an inmate is not entitled to a particular grievance procedure or result").

Nothing pleaded in Document No. 19 gives rise to any actionable claim of a civil rights conspiracy or supervisory or municipal liability under § 1983, with respect to the claims

that have been allowed to proceed, and there are no viable new claims for relief pleaded in Document No. 19 which could warrant joining new defendants.  Accordingly, the motion to amend and join new defendants (Doc. No. 19) should be denied.

## Conclusion

For the foregoing reasons the district judge should deny the motion to amend the complaint and add new defendants (Doc. No. 19).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 26, 2020

cc:   Mesfen A. Rowell, pro se
      Matthew Vernon Burrows, Esq.